NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0684n.06

Case No. 17-5054

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 12, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| KENAN PARKER, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE: SUTTON, KETHLEDGE, and LARSEN, Circuit Judges.

SUTTON, Circuit Judge. Kenan Parker pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g), 924(a)(3). In its pre-sentencing report, the probation office recommended a criminal history category of VI and an offense level of 30, yielding a guidelines range of 168 to 210 months (with a statutory cap of 120 months). Parker's counsel objected to several parts of the pre-sentencing report. The district court sustained some objections and rejected others. The court ultimately set a criminal history category of VI and an offense level of 23, which established a sentencing range of 92 to 115 months. The district court sentenced Parker to 104 months.

In his plea agreement, Parker waived his right to appeal his sentence. But he preserved the right to argue that his lawyer was incompetent: "This appellate waiver shall not apply to any

claims regarding ineffective assistance of counsel or claims of prosecutorial misconduct." R. 6 at 3. After receiving this sentence and after replacing his counsel, Parker exercised that right and filed this direct appeal, arguing that he received ineffective assistance of counsel in violation of the Sixth Amendment. The gist of his argument is that counsel should have challenged his criminal history score. Had she done so, he claims, he stood a good chance of receiving a downward departure under U.S.S.G. § 4A1.3(b), which permits a court to drop a defendant to a lower criminal history category if "reliable information" suggests that his criminal history score "substantially over-represents the seriousness of the defendant's criminal history." According to Parker, his former counsel gave ineffective assistance when she failed to invoke § 4A1.3(b) as a basis for lowering his criminal history from category VI. He challenges his sentence on this ground, and this ground alone.

The claim is premature. We customarily do not consider ineffective-assistance claims on direct review and instead insist that the defendant file a motion under 28 U.S.C. § 2255 to obtain the requested relief. One reason—among many—for this practice is that defendants (and newly hired appellate counsel) have not had an opportunity to create a record about the issue. In the absence of "an opportunity to develop and include in the record evidence bearing on the merits" of the claim, we run the risk of doing more harm than good in assessing an ineffective-assistance claim. *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010). One might even say that there is a risk of ineffective assistance in bringing an ineffective-assistance claim on direct review in the absence of evidence about the issue.

This prototypical explanation for deferring an ineffective-assistance claim until the requisite § 2255 motion applies here. Parker's new counsel did not enter the scene until after the district court sentenced him. No evidence thus exists about the issue, such as testimony by his

former counsel about her decision-making and strategy, keeping in mind that almost all cases require choices. *See McFarland v. Yukins*, 356 F.3d 688, 711–12 (6th Cir. 2004) (looking to attorney testimony to assess whether a strategic choice satisfied the Sixth Amendment). Without knowing her actual rationale, we must resort to guesswork, and that is not fair to her or Parker. As for any potential delay in receiving the requested relief, we have done what we can to mitigate the problem by resolving this case promptly—indeed within weeks of its assignment to us.

For this reason, we affirm.